UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MARY HILL, )
 )
v. ) Case No. 1:13-cv-19
 ) *Collier/Carter*
TENNESSEE DEPARTMENT OF )
TRANSPORTATION, *et al.* )
RODNEY MERELAN )

## REPORT AND RECOMMENDATION

Plaintiff Mary Hill, *pro se*, moves to amend her complaint to add the State of Tennessee and Governor Bill Haslam as defendants. [Doc. 30]. Plaintiff states in her motion that she is moving pursuant to Tennessee Rule of Civil Procedure 4 to add the State of Tennessee and Bill Haslam. Federal Rule of Civil Procedure 15 is the proper rule to consider when moving to amend a complaint in federal court, not Tennessee Rule of Civil Procedure 4. *See e.g., Mellentine v. Ameriquest Mortg. Co.*, 515 Fed. Appx. 419, 425 (6th Cir. 2013) (analyzing a motion to amend a complaint in federal court under Fed. R. Civ. P. 15); *see also* Fed. R. Civ. P. 15(a).

Under Rule 15(a), leave to amend shall be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave is appropriate "in absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment, etc..." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court must also consider the plaintiff's motion in light of Fed. R. Civ. P. 16(b). *Leary*, 349 F.3d at 909. Rule 16 permits modification of the scheduling order upon a showing of good cause and by leave of the district judge. *Leary*, 349 F.3d at 906; *Gardner v. Wayne County*, 2007 WL

1

2325065 *2 (E.D. Mich. Aug. 15, 2007); *Kaylor v. Radde*, 2005 WL 282851 * 2 (N.D. Ohio Mar. 4, 2005).

While no scheduling order has yet been entered so that plaintiff's motion is not untimely, when considering this motion in light of Fed. R. Civ. P. 15, the undersigned concludes it should be denied. The State of Tennessee is already a party and therefore does not need to be added. As to Governor Haslam, the pleading does not denote whether Governor Haslam is to be sued in his official or individual capacity. The State of Tennessee correctly observes that if Governor Haslam is sued in his official capacity, the naming of him as a party in his official capacity will be moot because the naming of a State employee in his official capacity is essentially the same as a lawsuit against the State itself. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989). Further, if the plaintiff seeks to add Gov. Haslam in his individual capacity, plaintiff has failed to make any specific allegations regarding Gov. Haslam individually and has therefore failed to state a claim against him. Accordingly, the motion should be denied as futile.

Finally, the undersigned notes, because there seems to be some confusion, that amending a complaint is not the same as serving a defendant with the complaint and a summons – which the plaintiff is required to do for each defendant named in the lawsuit. The plaintiff does not need the court's permission to serve the defendants with a copy of the amended complaint and a summons. Federal Rule of Civil Procedure 4 governs the service of the complaint and summons on the defendants.

2

For the reasons stated herein, it is RECOMMENDED[1] that plaintiff's motion to amend her complaint be DENIED.

                                            S/*William B. Mitchell Carter*
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file of objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).